IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

September 24, 2010

TO:  Counsel of Record

SUBJECT:   LOCAL RULE OF CIVIL PROCEDURE 5.1.5
*Documents Filed Under Seal*

CIVIL ACTION NO.:   95-cv-00906
Mangold Enterprises, et al.   vs.   Quaker Oats, Co., et al.

N O T I C E

Pursuant to Rule 5.1.5 of the Local Rules of Civil Procedure, Documents Filed Under Seal, *as approved and adopted by the judges of the United States District Court for the Eastern District of Pennsylvania,* effective March 1, 2005, the below noted document(s) continue(s) to remain sealed. The two-year period prescribed by L.R.C.P. 5.1.5 (b)(2) has now concluded and the Court has not entered an order continuing its sealed status beyond that time.

In accordance with L.R.C.P. 5.1.5(c), this is to notify you that the aforesaid document(s) will be unsealed unless you advise the Clerk in writing within sixty days (60) days from the date of this notice, that you object to the unsealing of said document(s).  If you object to the unsealing of the document(s) or if this Notice is returned unclaimed, the court will make a determination, on a case-by-case basis, whether to maintain the document(s) under seal, to unseal the document(s) under seal, or to require further notification.

DOCUMENT(s) CURRENTLY UNDER SEAL:

| PAPER NO.: | FILED ON: | DOCKET TEXT: |
|---|---|---|
| 61 | 02/05/1996 | Memorandum by DEFENDANT QUAKER OATS, CO., DEFENDANT SNAPPLE BEVERAGE in opposition to plff's MOTION IN LIMINE TO PRECLUDE THE ADMISSIION OF POST-ACQUISITION SNAPPLE SALES. (under seal); |
| 74 | 04/30/1996 | RENEWED MOTION by DEFENDANT QUAKER OATS, CO. FOR SUMMARY JUDGMENT, MEMORANDUM, CERTIFICATE OF SERVICE. (under seal); and, |
| 80 | 05/14/1996 | Exhibits by PLAINTIFF MANGOLD ENTERPRISES, PLAINTIFF KEN MANGOLD plffs in support of their opposition to defts' motions for summary judgment and in support of their cross-motion for summary judgment. (under seal). |

A copy of Local Rule of Civil Procedure 5.1.5 is attached for your convenient reference. If you have any questions, please call Nicole D. Spicer at (267) 299-7168.

Very truly yours,

MICHAEL E. KUNZ
CLERK OF COURT


*/s/ Nicole D. Spicer*
Nicole D. Spicer
Deputy Clerk


CC by Mail To:

Poeta
Kennedy
Slover
Limongelli
Riemer

CC by E-Mail to:

Foster
Sonnefeld
O'Laughlin
Hogan

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOCAL RULE OF CIVIL PROCEDURE 5.1.5:
DOCUMENTS FILED UNDER SEAL

(a) A document in a civil action may be filed under seal only if:

  (1) the civil action is brought pursuant to a federal statute that prescribes the sealing of the record or of certain specific documents; or

  (2) the Court orders the document sealed.

(b) (1) Where a document is sealed pursuant to § 5.1.5(a)(1), the continued status of the document under seal shall be governed by the relevant federal statute. If no federal statute governs, §§ 5.1.5(b)(2) and (c) shall apply.

  (2) When a document is sealed pursuant to § 5.1.5(a)(2), the document, if it remains in the custody of the Court, shall not be unsealed for two years after the conclusion of the civil action including all appeals, unless the Court orders otherwise.

(c) If a document is still sealed at the conclusion of the two-year period and the Court has not entered an order continuing its sealed status beyond that time, the Clerk of Court shall notify the attorney for the party having submitted the sealed document at the attorney's address on the docket that the document will be unsealed unless the attorney or the submitting party advises the Clerk within sixty (60) days that said attorney or submitting party objects. If the attorney or submitting party objects to the unsealing of the document or if the Clerk's notification is returned unclaimed, the Court will make a determination, on a case-by-case basis, whether to maintain the document under seal, to unseal it, or to require further notification.